```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION            04 JAN 27 PM 2:52

                                                  U.S. DISTRICT COURT
                                                   N.D. OF ALABAMA
CATHY M. MOSS,                  }
                                }
     Plaintiff,                 }    CIVIL ACTION NO.
                                }    02-AR-2135-S
v.                              }
                                }
USF DUGAN, INC.,                }
                                }                      ENTERED
     Defendant.                 }
                                                       JAN 27 2004
```

## MEMORANDUM OPINION

Before the court are two motions. On December 15, 2003, plaintiff, Cathy Moss ("Moss"), filed a renewed motion for sanctions against defendant, USF Dugan, Inc. ("USF"), in which Moss alleges that USF has failed to produce documents to Moss in accordance with this court's April 22, 2003 order. On the heels of this motion, USF filed a motion for summary judgment on December 19, 2003. The thrust of USF's motion is that Moss cannot establish that USF's legitimate, nondiscriminatory reason for her termination -- excessive absenteeism -- was pretext for race discrimination. Specifically, USF argues that Moss has failed to show any non-Black comparator who was afforded more favorable treatment. Moss counters that USF has conveniently produced her 2001 and 2002 attendance calendars, but no attendance calendar for any other employee. Moss contends that the April 22, 2003 order mandated production of all attendance calendars. She argues that if USF produced those calendars an issue of material fact would arise.



**Relevant Facts**

Over a year ago, USF received Moss's first interrogatories and requests for production. One interrogatory propounded by Moss requested USF to "List all individuals accused of the same or similar violations for which [Moss] was disciplined...." A request for production asked for "The personnel file and [personnel] information (as defined herein) of [Moss] ... and anyone else employed by [USF] from January 1, 2000 to present." USF objected and the parties were unable to reach a compromise.

Moss filed a motion to compel. On April 22, 2003, this court granted Moss's motion to compel and ordered USF to "fully and completely respond to [Moss's] discovery requests." The court did not impose attorney's fees or expenses on USF. *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) ("A court must impose attorney's fees and expenses when compelling discovery **unless** the party was substantially justified in resisting discovery."). On May 12, 2003, the court denied USF's motion to reconsider.

Moss's counsel correctly stated in a June 3, 2003 letter to USF's counsel that "Based on [USF's] response to [interrogatory] #10, [Moss is] going to need the information (files) on a company-wide basis for anyone accused of attendance problems and/or impoliteness or rudeness." This information was necessary to "fully and completely respond" to Moss's requests. Nevertheless

USF failed to produce the documents.

On July 7, 2003, Moss filed a motion for sanctions against USF for its failure to produce documents in compliance with the April 22, 2003 order. The motion was set for hearing in September 2003. Before the hearing, USF complained to Moss that the discovery was impractical for its human-resources staff to complete. Moss offered to send someone, at Moss's expense, to review the files. USF rejected that offer, but it agreed to provide all personnel files and information for the employees from USF's Atlanta region. In order to accomplish this task, the parties made a joint motion to extend the discovery deadline. The court granted the joint motion on October 31, 2003. The motion for sanctions was subsequently mooted.

USF produced some documents, but still refused to produce calendars for any employee other than Moss. In a December 9, 2003 letter to USF, Moss's counsel asked one final time for this information. Almost a week later, Moss filed the renewed motion for sanctions. Days later, USF filed for summary judgment.

### Analysis

Rule 37, F.R.Civ.P., authorizes a district court to impose such sanctions "as are just" against a party that violates an order compelling discovery. F.R.Civ.P. 37(b)(2). District courts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37. *See Malautea v. Suzuki Motor Co.*, 987

F.2d 1536, 1542 (11th Cir.).

Here, the court's April 22, 2003 order required USF to produce the personnel information of every USF employee employed from January 1, 2000 to the present. This information would include time-sheets, calendars, and any other documents relevant to absenteeism. USF's own employee, David Horne, admitted during his deposition that time-clock entries and calendars were kept for "every employee in the [Birmingham] terminal." USF does not deny that such documents exist for Birmingham or any other terminal. The court suspects that such documents exist for every USF terminal.

Despite Moss's invitation to examine and copy the documents at her expense, USF bartered for less disclosure. Eventually, Moss consented to employee information solely from USF's Atlanta region. Apparently unsatisfied with Moss's concessions, USF has rejected Moss's concession, and argues that the parties agreed to the limited discovery USF produced. Neither the court's April 22, 2003 order nor the year-long flurry of letters between counsel support USF's position. An award of attorney's fees is appropriate because USF's position is not substantially justified. *See Maddow*, 107 F.3d at 853.

USF's motion for summary judgment is dependent upon the nonexistence of any comparators. The production compelled by the April 22, 2003 order would establish whether any comparators exist.

USF, however, refused to "fully and completely" answer the discovery. "Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests." *Snook v. Trust Co.*, 859 F.2d 865, 870 (11th Cir.1988); *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1532 (11th Cir.1986) (per curiam). USF's failure to answer the compelled discovery precludes an entry of summary judgment in its favor. Accordingly, USF's motion is due to be denied.

Once USF has produced the requested documents, Moss may need to depose or redepose witnesses. This will necessarily involve extending the discovery deadlines for Moss. USF's discovery deadlines need not be extended. USF will answer the requests without any cost to Moss.

An appropriate order will be entered.
DONE this 27th day of January, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE