

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CATHY M. MOSS,            }
                          }
     Plaintiff,           }
                          }   CIVIL ACTION NO.
v.                        }   02-AR-2135-S
                          }
USF DUGAN, INC.,          }
                          }
     Defendant.           }

**MEMORANDUM OPINION**

Before the court is the motion of defendant, USF Dugan, Inc. ("USF"), for reconsideration of the $3,000 sanction entered against it. Alternatively, USF moves to stay the requirement of payment until the conclusion of this case. The court entered the sanction on January 27, 2004, following USF's failure to comply with the April 22, 2003 order that required USF to fully respond to the discovery requests of plaintiff, Cathy M. Moss ("Moss"). USF argues that the $3,000 was unjustified and that, in any event, USF's position in the discovery dispute was substantially justified. The court disagrees.

Prior to entry of the April 22, 2003 order, USF's position may have been substantially justified. Accordingly, this court declined to impose attorney's fees and expenses when it ordered USF to "fully and completely respond to [Moss's] discovery requests." See *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir.



1997) ("A court must impose attorney's fees and expenses when compelling discovery **unless** the party was substantially justified in resisting discovery."). However, this court's order of April 22, 2003 did not leave a dispute upon which "reasonable people could differ." *Id*. The order required full and complete responses to Moss's discovery. On May 12, 2003, the court denied USF's motion to reconsider the April 22, 2003 order. USF's later attempts to negotiate a narrowing of the scope of Moss's discovery requests was unreasonable in light of the order.

In justifying the imposition of a punitive award of attorney's fees, this court explained that "[n]either the court's April 22, 2003 order nor the year-long flurry of letters between counsel support USF's position. An award of attorney's fees is appropriate because USF's position is not substantially justified." USF argues that this court failed "to explain how [the court] arrived at the $3,000.00 figure." In other words, USF wants the award broken down into an hourly billing format. USF should be careful what it wishes for. Moss's counsel did not give a specific accounting for his hours billed on discovery from April 22, 2003 through December 15, 2003, the date of Moss's renewed motion for sanctions. The court does not think such an accounting is necessitated by the Eleventh Circuit's decision in *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440 (11th Cir. 1997). In the event that it is, the court and the parties may find that Moss's full

accounting warrants a greater sanction. *See id.* at 1454.

Alternatively, USF moves to stay the requirement of payment. While USF's argument for an hourly accounting may justify remand to this court following a successful appeal, USF's justification for the stay is that its actions were substantially justified. Again, the court finds this latter argument wholly without merit. Although USF argues that paying will waive its right to appeal, the court disagrees. Compliance with a court order after timely objecting does not waive a party's ability to raise the objection on appeal.[1] Accordingly, USF's motion will be denied in its entirety.

DONE this 20th day of April, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] USF's motion was filed more than 10 days after the court entered the judgment for discovery sanctions. The Eleventh Circuit has not addressed the applicability of Rule 59(e), F.R.Civ.P., to orders of discovery sanctions. *Cf. Lupo v. R. Rowland and Co.*, 857 F.2d 482 (8th Cir. 1988) (Holding Rule 59(e) limitation not applicable to order granting Rule 11 sanctions). However, the motion came 51 days after the order; not within a reasonable time. The court denies the motion on this basis as well.